UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONALD M. COOPER, | ) | CASE NO. 1:08 CV 1317 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | |
| ICEMAN, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

Pro se plaintiff Donald M. Cooper filed the above-captioned action under 42 U.S.C. § 1983 against the Mansfield Correctional Institution ("MANCI") Rules Infraction Board Chairman "Iceman." In the complaint, plaintiff alleges he was unfairly found guilty of a rules infraction. He seeks monetary damages in the amount of $ 100,000.00, restoration to his previous security status level, and expungement of his prison record. Mr. Cooper also filed an Application to Proceed In Forma Pauperis. That Application is granted.

### BACKGROUND

Mr. Cooper alleges that while he was incarcerated in MANCI on an unspecified date, he was forced to work in extreme weather conditions. He indicates that his feet received a mild case of frost bite because he was not issued proper work attire. He raised the issue with his supervisors and believed the situation to be resolved. One hour later, he was placed in segregation for refusing to work.

During the conduct hearing, Rules Infraction Board Chairman Iceman allegedly

changed the charge from refusing to work to escape.  Mr. Cooper denies attempting to escape.  He does not provide much information concerning the motivation for the escape charge; however, he does indicate that he made a comment about working outside of the camp.  He contends that he did not have sufficient time to prepare a defense to the escape charge.  He states that his "request for his due process rights in the disciplinary proceedings" was denied.  (Compl. at 4.)  He was found guilty of the offense, was placed in local control and his security status was raised.  He indicates that he saw the parole board during the period and was denied furlough due to his placement in local control.  Prior to filing the within action, Mr. Cooper was transferred to the Richland Correctional Institution.  He recently informed the court that he was released from prison in August 2008.

## ANALYSIS

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

The Due Process Clause of the Fourteenth Amendment provides that a person may not be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV.  Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Sandin v. Conner, 515 U.S. 472, 485 (1995)(internal quotations and citation omitted).  The question of what process is due to an inmate in a particular situation is addressed only if the inmate first establishes that a constitutionally protected liberty interest is implicated.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  "The Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." Sandin, 515 U.S. at 480.  "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485.  "The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson, 545 U.S. at 221.  A state, however, may create a liberty interest through a freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

The difficulty of this standard lies in locating "the appropriate baseline" from which to measure "what is atypical and significant in any particular prison system."  Wilkinson, 545 U.S. at 209.  In Sandin, the Supreme Court held that a prisoner's thirty-day confinement in disciplinary segregation was "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life," Sandin, 515 U.S. at 487, and did not "present a dramatic departure from the basic conditions of [the inmate's] sentence."  Id. at 485.  The Court based its decision on three reasons: (1) the inmate's "disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody"; (2) the inmate's segregated "confinement did not exceed similar, but totally discretionary, confinement *in either duration or degree of restriction* "; and (3) the inmate's segregation did not "inevitably affect the duration of his sentence." Id. at 486-87 (emphasis added).  In contrast, in Wilkinson, the Supreme Court held that prisoners have a liberty interest in avoiding assignment to super-maximum security prison.  Wilkinson, 545 U.S. at 224.  The Court noted the significant differences between the conditions of confinement at the maximum-security prison and "most

3

solitary confinement facilities," then offered two other explanations for its decision: "First is the duration. Unlike the 30-day placement in Sandin, placement at [the maximum-security prison] is indefinite and, after an initial 30-day review, is reviewed just annually. Second is that placement disqualifies an otherwise eligible inmate for parole consideration." Id. "While any of these conditions standing alone might not be sufficient to create a liberty interest," the Court concluded, "taken together they impose an atypical and significant hardship within the correctional context." Id.

Mr. Cooper alleges that he was placed in local control with an increase in his security status. He does not indicate the duration of this sentence. He states, however, that his disciplinary hearing proceeding was given a 2008 case number, suggesting that the incident in question occurred at some point in the five months between January 1, 2008 and May 30, 2008, the date on which he was transferred to Richland Correctional Institution. He was released from prison altogether in August 2008. His placement in local control was limited and did not "inevitably affect the duration of his sentence." Sandin, 515 U.S. at 486-87. It did not impose an atypical and significant hardship in relation to ordinary prison life needed to establish a protected liberty interest under the Due Process Clause.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    /s/Dan Aaron Polster 10/6/08
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.